Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JAVIER AMAURY ORTIZ FERNÁNDEZ Y OTROS<br><br>Demandante-Recurrida<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br><br>**PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY**<br><br>Demandada-Peticionaria | TA2026CE00664 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2024CV07243 (804)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de desestimación presentada por una aseguradora en un caso de supuesta impericia médica. Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI, pues la reclamación contra la aseguradora no está prescrita, al haberse incluido a dicha parte, aunque con nombre desconocido, desde la presentación de la acción de referencia.

I.

El Sr. Javier Amaury Ortiz Fernández, la Sa. Ivelisse Veloz Maldonado, y la sociedad de gananciales compuesta por ambos (los "Demandantes"), presentaron la acción de referencia, sobre daños por impericia médica (la "Demanda"), el 5 de agosto de 2024. Se incluyeron como demandados, entre otros, a dos médicos (Dr. Rafael Vázquez Fonseca y Dr. Heraclio Fernández Hernández, o los "Médicos").

Además, se incluyó como parte demandada a "Compañías Aseguradoras XYZ", a quien se le describió de la forma siguiente en el párrafo 15 de la Demanda (énfasis suplido):

> Las codemandadas compañías aseguradoras XYZ son **una[] o varias compañías** autorizadas a llevar a cabo negocios de seguro en el Estado Libre Asociado de Puerto Rico y que para la fecha de los hechos que más adelante se relatan habían emitido **una o varias pólizas de seguro** con cubierta en todo vigor para cubrir las contingencia[s] alegadas en la presente demanda **a nombre de uno o varios de los demandados antes mencionados** y/o a nombre de cualquier cocausante desconocido por la parte demandante en estos momentos.

El 1 de abril de 2025, los Demandantes solicitaron enmendar la Demanda. Ello porque, "recientemente", supo "del verdadero nombre de la compañía que brindaba los servicios médicos en la Sala de Emergencias del CDT Dr. Gualberto Rabell [Platinum Medical Services PSC] así como el de su compañía aseguradora [Chubb Insurance Company of Puerto Rico, o "Chubb"], la cual fue incluida en la demanda original con el nombre ficticio de Compañías Aseguradoras XYZ."

El 19 de agosto de 2025, los Demandantes solicitaron enmendar la Demanda por segunda ocasión. Ello porque, "[e]n fecha reciente … advino en conocimiento de que la aseguradora de los [Médicos] era Puerto Rico Medical Defense Insurance Company" (la "Aseguradora" o la "Peticionaria"). El TPI autorizó la enmienda solicitada.

El 28 de octubre, la Aseguradora solicitó la desestimación de la reclamación en su contra por prescripción (la "Moción"). Señaló que los hechos ocurrieron en agosto de 2023, pero se le incluyó como demandada aproximadamente dos años luego y, por tanto, luego de haber expirado el término prescriptivo de un año. Arguyó que se le había incluido "por primera vez" a través de esa segunda enmienda, pues "no había sido traída al pleito antes". Sostuvo que la inclusión inicial de "Aseguradoras XYZ" en la Demanda únicamente se refería

a la aseguradora que fue nombrada a través de la primera enmienda a la Demanda (Chubb).

Luego de que los Demandantes se opusieran a la Moción, y ambas partes presentaran escritos adicionales al respecto, mediante un dictamen notificado el 6 de marzo de 2026 (la "Resolución"), el TPI denegó la Moción. El TPI razonó que la alegación del párrafo 15 de la Demanda "fue suficiente" para incluir a todas las aseguradoras de cualquiera de los demandados. De conformidad, concluyó que la enmienda para incluir a la Aseguradora "se retrotrae a la fecha de la presentación de la [D]emanda y por tanto no está prescrita …".

El 20 de marzo, la Aseguradora solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el 23 de abril.

El 25 de mayo (lunes), la Aseguradora presentó el recurso que nos ocupa, en el cual reitera lo planteado en la Moción. En particular, arguyó que el desconocimiento de los Demandantes en cuanto al nombre de la Aseguradora obedecía a "su falta de diligencia" y que, por ello, no procedía que la enmienda a la Demanda se retrotraiga a la fecha de su presentación inicial.

Conforme lo autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, resolvemos sin trámite ulterior.

II.

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que una reclamación sea desestimada por ciertas razones, entre ellas, el dejar de exponer una reclamación que justifique la concesión de un remedio. El tribunal debe ponderar la moción de forma que se tomen "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas", y deberá interpretarlos conjuntamente, liberalmente y de la forma

más favorable para la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-29 (2008).

Es importante tener en cuenta que el contenido de una demanda debe incluir "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio...". Regla 6.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. No es necesario entonces, que la parte demandante detalle minuciosamente en sus alegaciones lo ocurrido, sino que demuestre a grandes rasgos los méritos de su reclamación, mediante una exposición sucinta y sencilla de los hechos. *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010).

Asimismo, una moción de desestimación al amparo de la Regla 10.2(5) procederá si, luego de examinada, el TPI determina que, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.*, 81 DPR 242, 266 (1959). En otras palabras, el promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio. *Rosario v. Toyota*, 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas*, 137 DPR 497, 505 (1994).

### III.

"La prescripción extintiva es una institución de derecho sustantivo que extingue el derecho a ejercer determinada causa de acción". *Maldonado Rivera v. Suarez y otros*, 195 DPR 182, 192 (2016). En otras palabras, la prescripción extintiva es materia de naturaleza sustantiva, regida por nuestro Código civil. *Landrau Cabezudo y otros v. La Autoridad*, 215 DPR___ (2025), 2025 TSPR 7

a la pág. 14, citando a *Nevárez Agosto v. United Surety*, 209 DPR 346, 356 (2022); *SLG García–Villega v. ELA et al*, 190 DPR 799, 812 (2014); *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373 (2012).

La prescripción extintiva "tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones". *Xerox Corp. v. Gómez Rodríguez*, 201 DPR 945, 952 (2019); *SLG Haedo-López v. SLG Roldán-Rodríguez*, 203 DPR 324, 336-337 (2019) (Citas omitidas). Véase, además, *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010). Lo anterior, "puesto que no se debe exponer a las personas toda la vida, o por largo tiempo, a ser demandadas. *SLG Haedo-López*, 203 DPR a la pág. 337 (Citas omitidas). Por consiguiente, "transcurrido el periodo de tiempo establecido por ley sin reclamo alguno por parte del titular del derecho, se origina una presunción legal de abandono". *Fraguada Bonilla*, 186 a la pág. 374. Véase, además, *Landrau Cabezudo y otros*, *supra*; *Meléndez Guzmán v. Berríos López*, 172 DPR 1010, 1017–1018 (2008), citando a *García Aponte v. E.L.A.*, 135 DPR 137, 142 (1994).

En las acciones por daños, el término prescriptivo para presentar una reclamación, al amparo del Artículo 1536 del Código Civil, 31 LPRA sec. 10801, es de un año desde que el agraviado supo, o debió saber con razonable diligencia, del daño. Artículo 1204 del Código Civil, 31 LPRA sec. 9496. Véase, además, *SLG Serrano-Báez v. Foot Locker*, 182 DPR 824, 832 (2011). En general, "los plazos de prescripción comienzan a decursar cuando el legitimado activo conoce o debe conocer la existencia del derecho a reclamar y la identidad de la persona contra quien puede actuar". Artículo 1190 del Código Civil, 31 LPRA sec. 9482. Así pues, para que comience a transcurrir el término, es necesario que la persona perjudicada conozca del daño sufrido, quién se lo ha causado y los elementos

necesarios para poder ejercitar efectivamente su causa de acción. *Fraguada Bonilla*, 186 DPR a la pág. 374 (Citas omitidas).

Ahora bien, "si el desconocimiento [de los elementos de la causa de acción] se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción". *Íd.*; *COSSEC et al.*, *supra.* A estos efectos, se le exige a la parte afectada la diligencia de una persona prudente y razonable, de manera que descubra los elementos necesarios para su causa de acción en un tiempo razonable para, así, cumplir con los propósitos de la prescripción. Véase, *Vera v. Dr. Bravo*, 161 DPR 308, 330 (2004).

Comenzado a transcurrir el término, el Artículo 1197 del Código Civil establece que la prescripción se interrumpe:

> (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. 31 LPRA sec. 9489.

Acontecida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo. Art. 1197 del Código Civil, ante. Véase, además, *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 496 (2024). Por el contrario, ante la ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que establece la ley. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1067 (2020).

En conexión, destacamos que, de ordinario, en acciones de daños y perjuicios, cuando coincide más de un causante de un daño, el agraviado deberá interrumpir la prescripción en relación con cada cocausante por separado, dentro del término de un año establecido. *Fraguada Bonilla*, 186 DPR a la pág. 389; *Maldonado Rivera v. Suarez*, 195 DPR 182, 210 (2016). Véase, además, Artículo 1104 del Código Civil, 31 LPRA sec. 9063; Artículo 1095 del Código Civil, 31 LPRA sec. 9054.

IV.

Cuando un demandante "ignor[a] el verdadero nombre de una parte demandada", puede incluirse dicha parte en la demanda, designándola "con un nombre ficticio"; luego, "al descubrirse el verdadero nombre", se enmendará la alegación correspondiente. Regla 15.4 de las de Procedimiento Civil, 32 LPRA Ap. V R.15.4. Es necesario, por supuesto, que dicha enmienda (y el diligenciamiento del correspondiente emplazamiento) ocurra "con tiempo suficiente para que [la parte pueda] comparecer y defenderse." *Núñez González v. Jiménez Miranda*, 122 DPR 134, 142 (1988).

La norma es que, realizada dicha enmienda, con el fin de incluir el verdadero nombre del demandado, la alegación se "retrotrae[] a la fecha de la presentación de la demanda original". *Núñez González*, 122 DPR a la pág. 142; *Ortiz Díaz v. R&R Motors*, 131 DPR 829, 836 (1992); véase, además, *Ortiz v. Gobierno Municipal de Ponce*, 94 DPR 472 (1967).

V.

Contrario a lo planteado por la Aseguradora, la Demanda contiene alegaciones específicas en contra de dicha parte, aunque la Aseguradora se haya designado con un nombre ficticio, por desconocerse su nombre verdadero. Al respecto, recordemos que, en la Demanda (párrafo 15), se alegó que las "aseguradoras XYZ son una[] o varias compañías ... que para la fecha de los hechos ... habían emitido una o varias pólizas de seguro ... **a nombre de uno o varios de los demandados antes mencionados** ...". Por su parte, entre dichos demandados, se incluyó a los Médicos. Por tanto, surge claramente de la Demanda que la Aseguradora, aunque con nombre desconocido, sí fue incluida en la Demanda desde su presentación inicial.

Por tanto, al haberse incluido a la Aseguradora en la Demanda desde el inicio (aunque con nombre desconocido), una vez se

enmendó la Demanda para incluir el nombre verdadero, las alegaciones se retrotraen a la fecha en que la Demanda se presentó, y así el TPI actuó correctamente al denegar la Moción.

No tiene razón la Aseguradora al plantear que el párrafo 15 de la Demanda significa algo distinto a lo que literalmente dice, simplemente sobre la base de que los Demandantes, antes de incluir a la Aseguradora, incluyeron a Chubb. En ocasión de esa primera enmienda a la Demanda, la referencia de los Demandantes a que Chubb fue incluida inicialmente "con el nombre ficticio de Compañías Aseguradoras XYZ" no implica que el párrafo 15 de la Demanda, contrario a su literal texto, únicamente se refería a Chubb, con exclusión de las aseguradoras de los otros demandados.

Finalmente, contrario a lo planteado por la Aseguradora, no surge del récord ausencia de diligencia alguna de los Demandantes, sobre la base de lo cual el TPI pudiese declarar con lugar la Moción. Resaltamos, al respecto, que la Corporación no señala exactamente qué diligencias pudieron haber realizado los Demandantes para descubrir antes el nombre de la Aseguradora, ni mucho menos prueba de que tales diligencias habrían producido el resultado esperado, más aún cuando uno de los Médicos falleció y al otro se le anotó la rebeldía.

VI.

Por los fundamentos anteriormente expuestos, se expide el auto solicitado y se confirma el dictamen recurrido. Se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones